EXPENDITURE OF PROBATION FEES The term "probation" as defined in 22 O.S. 991a [22-991a] (1971) applies to 22 O.S. 991d [22-991d] (1972), 22 O.S. 991e [22-991e] (1972). Accordingly, probation fees collected thereunder, are to be expended on claims properly approved by the Deputy Director, Division of Probation and Parole of the Department of Corrections, for paying the expenses of supervising probationers subject to the supervision of the Division of Probation and Parole of the Department of Corrections. The Attorney General has received your request for an opinion wherein you ask the following: "We need to know if we are correct in assuming that the money collected from probation fees, as stated in the statutes, should be expended on claims properly approved by the Deputy Director, Division of Probation and Parole of the Department of Corrections, for the hiring of state probation officers to supervise probationers directed to us by the courts. Are we correctly interpreting probation in accordance with the provision and the utilization of the probation fee set forth in Section 991-A(1), which describes probation as used in this section of the statute?" Your attention is initially directed to 22 O.S. 991a [22-991a] (1971) which provides: "Whenever a person is convicted of a crime and no death sentence is imposed, the court shall either: "(1) Suspend the execution of sentence in whole or in part, with or without probation, or "(2) Impose a fine prescribed by law for the offense, with or without probation or commitment, or "(3) Commit such person for confinement provided for by law. " Subsection (1) hereof shall not apply to persons being sentenced upon their third or subsequent to their third conviction of a felony. "Probation, as used in this section, is a procedure under which a defendant, found guilty of a crime, is released by the court subject to conditions imposed by the court and subject to the supervision of the Division of Probation and Parole of the Department of Corrections. Such supervision shall be initiated upon an order of probation from the court, and such supervision shall not exceed five (5) years." (Emphasis added) Title 22 O.S. 991d [22-991d] (1972) provides: "A court granting probation may fix a fee not exceeding Five Dollars ($5.00) per month to be paid by the probationer during the probationary period. The court may make payment of the fee a condition of granting or continuing the probation, and such condition may be imposed whether the probation is incident to the suspending of execution of a sentence or incident to the suspending of imposition of a sentence or the deferring of proceedings after a verdict or plea of guilty, but such condition may not be imposed unless probationary services are made available to the defendant." Title 22 O.S. 991e [22-991e] (1972) provides: "The fee provided for in Section 1 of this act shall be paid to the State Treasurer and credited to the Probation and Parole Fund which is hereby created. Any and all monies credited to such fund are hereby appropriated for paying the expenses of supervising probationers and shall be paid out on claims properly approved by the Deputy Director of Probation and Parole of the Department of Corrections and otherwise complying with the requirements of state law." (Emphasis added) It is apparent from a reading of the above statutory provisions that the term "probation", as therein defined and used, is a process whereby a person convicted of a crime is released by the Court, wherein said conviction is obtained, subject to conditions imposed by that Court and subject to supervision the Division of Probation and Parole of the Department of Corrections. Section 991d, supra, allows but does not mandate the Court to fix a probation fee not to exceed $5.00 per month. This fee is to be paid by the probationer during the probationary period. Section 991e, supra, requires this fee be paid to the State Treasurer and credited to the Probation and Parole Fund. Monies credited to the Probation and Parole Fund are expressly designated for paying the expenses of supervising probationers properly approved by the Deputy Director of Probation and Parole of the Department of Corrections. If the wording of a statute is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for use of interpretative devices to fabricate a different meaning. McVicker v. Board of County Commissioners of Caddo County, Okl., 442 P.2d 297
(1968). It is, therefore, the opinion of the Attorney General that the term "probation" as defined in 22 O.S. 991a [22-991a] (1971) applies to 22 O.S. 991d [22-991d] [22-991d] (1972), 22 O.S. 991e [22-991e] (1972). Accordingly, probation fees collected thereunder, are to be expended on claims properly approved by the Deputy Director, Division of Probation and Parole of the Department of Corrections, for paying the expenses of supervising probationers subject to the supervision of the Division of Probation and Parole of the Department of Corrections. (Michael Jackson)